**\*\*E-filed 04/02/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JESUS ANTONIO PONCE,

        Petitioner,

  v.

KELLY HARRINGTON, Warden

        Respondent.
_____/

No. C 09-5730 RS

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Petitioner Jesus Antonio Ponce, a state prisoner at Kern Valley State Prison in Delano, California, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II. BACKGROUND

According to the petition, in 2006 a jury found petitioner guilt of first degree murder, with special circumstances, gang, and firearm enhancements all found to be true. Petitioner was sentenced to life without the possibility of parole, with a consecutive term of 25 years to life. On direct appeal, the California appellate court struck an additional ten-year consecutive term that had

been imposed, but otherwise affirmed. The California Supreme Court denied the petition for review. This federal habeas petition followed.

### III.  DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that:  (1) his rights to due process and a fair trial were violated by the court's refusal to instruct on an imperfect defense of others defense; (2) his rights were similarly violated by the court's refusal to instruct on heat of passion; (3) there was insufficient evidence to support a first-degree murder conviction, (4) his rights to due process and a fair trial were violated by the admission of certain gang evidence, and; (5) he received ineffective assistance of counsel.  Liberally construed, the claims appear to be cognizable in a federal habeas action.

### CONCLUSION

1. Counsel for petitioner shall serve a copy of this order and the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California.

2. Within ninety (90) days of receiving service of this order, Respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer a copy of all portions of the state trial record that previously

have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. Petitioner shall file any traverse within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within ninety (90) days of receiving service of this order, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file any reply within fifteen (15) days of the date any opposition is filed.

IT IS SO ORDERED.

Dated: 04/02/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE